# In the United States Court of Federal Claims

No. 23-1548
(Filed: May 31, 2024)
(NOT FOR PUBLICATION)

```
* * * * * * * * * * * * * * * * * *  *
                                      *
GREGORY MICHEAL MAJERSKY,             *
                                      *
                  Plaintiff,          *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
                  Defendant.          *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

*Gregory Michael Majersky, pro se,* of Aurora, CO.

*Michael Bruns*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, D.C., for Defendant.

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

Plaintiff Gregory Majersky, proceeding *pro se*, filed this action on September 6, 2023. ECF No. 1. Per his amended complaint, Plaintiff alleges the United States will soon infringe on his copyrights for stormwater reclamation. ECF No. 7 ("Am. Compl.") at 2. Specifically, he alleges that once the programs "R23AS00076[:] WaterSMART: Water Recycling and Desalination Planning Department of the Interior Bureau of Reclamation [and] EPA-G2022-STAR-JI Enhanced Aquifer Recharge Performance and Potential Risk in Different Regional and Hydrogeological Settings" are awarded, they will potentially infringe on his copyrights. *Id.* In support of his allegations, Plaintiff attached various emails and social media messages attempting to show both that the government was aware of his copyrights and the potential infringement these funding programs would have on his copyrights. ECF Nos. 7, 11, 17. Plaintiff requests that the Court "place an injunction on programs in Claims section, item 6 and any related activities and programs that could violate my copyrights until [the government] come[s] to an agreement on copyright licensing fees." Am. Compl. at 3. Plaintiff also "motion[s] the Court to consider criminal charges against the individuals in the email evidence for copyright infringement 17 U.S.C. 506(A) AND 18 U.S.C. 2319[.]" *Id.*

On October 17, 2023, Plaintiff moved for a preliminary injunction. ECF No. 13. Plaintiff argues that without the injunction the government may hinder the ability of the Court to proceed with the case until such point that "these programs are completed and the Court is unable to offer relief or protection to the Plaintiff." *Id.* The government filed its opposition to the preliminary injunction on October 19, 2023. ECF No. 14.

That same day, the government filed a motion to dismiss for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") and for failure to state a claim upon which relief may be granted under Rule 12(b)(6). ECF No. 16 ("MTD") at 1. The government argues the Court lacks jurisdiction because the United States has only waived sovereign immunity for past and present copyright infringement, not for the potential future infringement alleged in Plaintiff's complaint. *Id.* at 6 (citing *Wright v. United States*, 53 Fed. Cl. 466, 471 (2002)). Additionally, the government argues that the Court lacks jurisdiction over Plaintiff's requests for criminal sanctions and injunctive relief. *Id.* at 7.

The government also moved to dismiss under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. *Id.* at 7–9. First, according to the government, even assuming Plaintiff's copyrights are valid, the complaint does not show "where in these projects the Government has copied any of the expression of ideas in his copyrights." *Id.* at 8. That is to say, "[t]he Complaint does not allege the text or visual art of his copyrights were copied in whole or in part." *Id.* Second, the government asserts that Plaintiff is attempting to copyright his idea of water reclamation, and, because ideas are not copyrightable, "[Plaintiff] has failed to state a claim for infringement of his copyright." *Id.* (internal quotations omitted). In its reply brief, the government further argues that "[Plaintiff] confirm[ed] that he alleged that the Government copied his ideas for water reclamation, which are not copyrightable." ECF No. 20 at 3. As such, the government requests the complaint be dismissed with prejudice. *Id.*

Plaintiff insists this Court has subject matter jurisdiction because "his work is being prepared for commercial distribution by US state actors, as well as private sector actors, via the funding programs EPA-G2022-STAR-JI and DOI R23AS00076." ECF No. 19 at 1. Plaintiff argues that the litany of exhibits he filed with the Court show that the subject of the government's research awards stem from his copyrights. *Id.* Moreover, Plaintiff argues the government "performs a critical role in permitting the current and future works that violate Plaintiff's copyright" because his copyright describes the idea of diverting urban storm water into aquifers for storage. *Id.* at 3. All of this is enough, according to Plaintiff, to give this Court "jurisdiction . . . per FRCP Rule 12, 17 U.S. Code § 101, and 17 USC § 506(a)(3)." *Id.*

## DISCUSSION

**A.    Legal Standard**

Pursuant to RCFC 12(h)(3), the Court must dismiss any claim over which it lacks subject matter jurisdiction. In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all factual allegations made by the non-movant and draws all logical inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974).  And while a *pro se* litigant is held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements," *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citation omitted).  Accordingly, a *pro se* plaintiff still "bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence."  *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

      The United States Court of Federal Claims, like all federal courts, is a court of limited jurisdiction.  This Court "has jurisdiction only where and to the extent that the government has waived its sovereign immunity, and any waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (internal quotations omitted).  Although the government has waived sovereign immunity for copyright infringement claims, 28 U.S.C. § 1498(b), critically that waiver only applies to claims for the current—but not future—infringement of a copyright.  *See De Graffenried v. United States*, 228 Ct. Cl. 780, 784 (1981) ("Nevertheless, relief for future infringements is beyond the power of the court by declaratory judgement or otherwise.").

      Even if this Court has jurisdiction over a claim, the Court must nonetheless dismiss the claim under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy."  *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002).  Thus, to survive a motion to dismiss under RCFC 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  As noted above, the Court "may grant the *pro se* litigant leeway on procedural matters, such as pleading requirements."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d. 1354, 1356 (Fed. Cir. 2007).  "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Id.* (internal quotations omitted).

**B.**    **Analysis**

      The Court does not have subject matter jurisdiction over Plaintiff's request for damages for future infringement, criminal sanctions, and injunctive relief.  Regarding future infringement, Plaintiff's allegations are essentially that, at some point in time in the future, a program funded by the government will infringe on his alleged copyrights.  *See generally* Am. Compl.  It is unclear specifically what—if anything—the programs will do that will infringe on Plaintiff's alleged copyrights, but even assuming Plaintiff's allegations are true, the Court does not have jurisdiction over claims for future infringements.  "Waivers of immunity must be construed strictly in favor of the sovereign, and not enlarge[d] . . . beyond what the language requires."  *Ruchelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983) (internal quotations and citations omitted).  This principle requires the Court to find that the government has not waived sovereign immunity for future copyright infringement.  *See De Graffenried*, 228 Ct. Cl. at 784; *see also Wright v. United States*, 53 Fed. Cl. 466, 471 (2002); *Blueport Co., LLP v. United States*, 76 Fed. Cl. 702, 713 (2007) ("Patents cases represent the closest legal analogy to copyright matters").  As such, Plaintiff's claim for damages for future infringement cannot continue.

Moreover, while this Court does have jurisdiction over claims of present and past copyright infringement, the remedy for these claims is limited to recovery of "reasonable and entire compensation" for the use of the copyright. 28 U.S.C. § 1498(a). This Court has "no general power to provide equitable relief against the Government." *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011); *see also Alvarado Hosp., LLC v. Price*, 868 F.3d 983, 999 (Fed. Cir. 2017) ("The Tucker Act does not generally confer jurisdiction for actions seeking declaratory or injunctive relief."). Thus, Plaintiff is seeking a remedy the Court cannot grant. Accordingly, Plaintiff's motion for a preliminary injunction must be denied.

Finally, this Court does not have jurisdiction over the criminal relief requested by Plaintiff. Plaintiff asked the Court "to consider criminal charges against the individuals in the email evidence for copyright infringement 17 U.S.C. 506(A) AND 18 U.S.C. 2319[.]" Am. Comp. at 3. But the Court "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code" and thus his allegations of criminal conduct by the government find no home here. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).

As discussed above, this Court has "exclusive jurisdiction over copyright infringement claims against the United States." *El Bey v. United States*, 152 Fed. Cl. 773, 776 (2021) (citing 28 U.S.C. § 1498(b)). However, to the extent the Court does have jurisdiction over any of Plaintiff's claims, the Court must dismiss those claims under RCFC 12(b)(6) because the facts asserted by Plaintiff do not entitle him to a legal remedy. *Lindsay*, 295 F.3d at 1257. Here, Plaintiff has alleged the United States will infringe on his copyright. Am. Compl. at 2. However, "[t]o prove copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying by the alleged infringer.'" *El Bey*, 152 Fed. Cl. at 776 (citing *Jennette v. United States*, 77 Fed. Cl. 126, 131 (2007)). A fundamental underpinning of copyright protection is that it "extends only to the expression of an idea—not to the underlying idea itself." *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1354 (Fed. Cir. 2014); *see also Feist Pub'ns Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 344–50 (1991). Section 102(b) of the Copyright Act makes this explicit: "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Thus, a plaintiff attempting to state a claim for copyright infringement must show the expression of the idea that is being copied, not just that someone allegedly used his or her idea.

To the extent Plaintiff claims current infringement—his claim cannot survive the RCFC 12(b)(6) motion filed by the government. First, Plaintiff's complaint is devoid of any allegations or evidence that the government copied any expression of his ideas from his copyright in the relevant funding programs. The closest Plaintiff comes to a viable claim is in his response to the government's motion to dismiss in which he states "[t]he Plaintiff has demonstrated standing and injury with regards to the current . . . violations of his copyrights under FRCP Rule 12. Especially noteworthy is the deliberate verbiage in Item 7, citing Exhibit C, Search Results 7, which appear to be published in 2021, well after Plaintiff notified several EPA staff and attorneys." ECF No. 19 at 3. What Plaintiff is referencing the fact that the government's solicitation uses the word "stormwater" seven times. *Id.* at 2. But these exhibits submitted by Plaintiff still do not show how or where the government infringes on his copyright. Second, in describing his copyrights Plaintiff states that "both in text and as visual art, [they] describe

4

diverting the water and utilizing aquifers as storage for this water[.]" *Id.* at 3. In his communications with the government, he was asked:

> [s]o that we can have a full understanding of what the potential issues are, can you please tell us in more detail what exactly would potential infringing active . . . .? For example, are people likely to copy your flow charts/schematics – the images themselves, which are the copyright protected works? Or are you concerned that people will use your method of . . . oturing and 'repurposing' urban stormwater runoff?[1]

ECF No. 17 at 6–7. Plaintiff's reply to this email simply restates the definition of copyright infringement. *Id.* at 6. His communication with the government and his response brief show he is trying to exercise copyright protection over the idea of stormwater reclamation. *See* ECF No. 19; *see also* ECF No. 7-5.

Plaintiff's claim cannot entitle him to relief. Even accepting all allegations as true, Plaintiff has not plausibly demonstrated how the government used his copyrighted work. First, Plaintiff has not alleged exactly what is covered by his copyright. Second, even assuming he did, Plaintiff has not alleged what it is that the government allegedly copied. His communications with the government, as highlighted above, make this clear as does his response brief. *See* ECF No. 19. Because copyright protection does not "extend to any idea, . . . concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied[,]" 17 U.S.C. § 102(b), Plaintiff cannot claim copyright infringement.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the government's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim. Plaintiff's request for a preliminary injunction is **DENIED**. Plaintiff's motion for mediation is now moot and as such is also **DENIED**. The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED**.

s/ Zachary N. Somers  
ZACHARY N. SOMERS  
Judge

---

[1] Plaintiff's submitted exhibits cut off relevant parts of the email on the sides of the pages.